REC
5/25/18

4/8/18                     U.S.

　　　　According to the American Law,
Based on Rule 4(m) of the Federal
Rule of Civil Procedure the complaint
against me, Rasheedul Mowla, should be
dismissed without prejudice because the
90 day time frame in order for the
government to indict me is - at hand - or
has expired. I was arrested August 30, 2017
and as of this time 4/8/18 the 90 day
time frame would be at hand. The ~~counsel~~ ~~counsel~~
councel
appointed to me, Steven Zissou has
been very ineffective. He has given the
government additional time to investigate
me without my concent and without
informing me prior him doing so. I feel
my constitutional rights and liberty are
in limbo if he continues to represent
me.

　　In conclusion, if April 9, 2018 comes
and goes, and this matter is not
resolved as mentioned above it will
be an illegal incarceration on the
gov't part. As a citizen of this
great country, I am protected by the
constitution of the U.S. and those

back

rights bestowed upon me are now being violated by the same justice system that has sworn to uphold it.

a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c) (1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

(d) (1) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

(2) If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final, except that the court retrying the case may extend the period for trial not to exceed one hundred and eighty days from the date the action occasioning the trial becomes final if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) [18 USCS § 3161(h)) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 [18 USCS § 3162] apply to

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

81365053

Rasheedul Mawla
81365-053
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232

NEW YORK
NY 1DFEW YLKK NY 1086
19 MAY '18
PM 5 MAY 20US PM 13 L

FOREVER
USA

Barn Swallow

Judge Donnelley
U.S. Attorney Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 23 2018 ★

BROOKLYN OFFICE

© USPS 2016

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

